IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRANCH BANKING & TRUST COMPANY,
   *Plaintiff,*

v.

FISHING VESSEL TOPLESSS, her engines, tackle, appurtenances, etc., Official No. 1083070,
   *Defendant.*

Civil Action No. ELH-12-2364

**MEMORANDUM**

On November 30, 2012, I granted the Motion for Interlocutory Sale filed by plaintiff Branch Banking & Trust Company ("BB&T"), as to the Fishing Vessel TOPLESSS (the "Vessel"), pursuant to Rule E of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule E"). *See* Memorandum Opinion (ECF 31) & Order (ECF 32). Proceedings were stayed, however, on January 5, 2013, when the owner of the Vessel, Steele Sportfishing Service Corp. ("Sportfishing"), commenced Chapter 11 bankrupcty proceedings in the U.S. Bankruptcy Court for the District of Maryland. *See* ECF 34. As a result, the interlocutory sale did not take place.

On June 6, 2013, the Bankruptcy Court lifted the stay with respect to the Vessel. *See* Order Terminating Automatic Stay, *In re Steele Sportfishing Servs. Corp.*, No. 13-10186-RAG (Bankr. D. Md. June 6, 2013). Thereafter, BB&T filed a Renewed Motion for Interlocutory Sale

("Renewed Motion," ECF 35).[1]  The Renewed Motion is ripe for a decision.  No hearing was requested, and none is necessary.  *See* Local Rule 105.6.  I will grant the Renewed Motion, for reasons substantially similar to those set forth in my Memorandum Opinion of November 30, 2012 (ECF 31).  I incorporate by reference the factual background set forth in that Memorandum Opinion, which need not be repeated here.

Rule E(9) provides that the interlocutory sale of an arrested vessel is appropriate if: "(1) The attached or arrested property is perishable, or liable to deterioration, decay, or injury by being detained in custody pending the action; (2) the expense of keeping the property is excessive or disproportionate; or (3) there is an unreasonable delay in securing release of the property."  Because the rule is phrased in the disjunctive, a party moving for interlocutory sale need only establish one of these three factors.  *See, e.g.*, *Silver Star Enters. Inc. v. M/V SARAMACCA*, 19 F.3d 1008, 1014 (5th Cir. 1994) (interlocutory sale appropriate based on excessive maintenance costs and unreasonable delay, but not finding vessel subject to deterioriation).  In its initial motion, BB&T established that the Vessel was subject to deterioration and that there had been an unreasonable delay in securing its release, such that an interlocutory sale was appropriate.  That remains true today.

First, there remains a substantial risk of deterioration in the condition of the Vessel and a corresponding risk of depreciation in its value.  The Vessel has been dormant since its arrest on August 9, 2012, almost one year ago.  As I noted in my prior Memorandum Opinion, an appraisal conducted by BB&T had already revealed multiple problems with the Vessel resulting

---

[1] Sportfishing opposed the Renewed Motion ("Opposition" or "Opp.," ECF 40), and BB&T replied ("Reply," ECF 41).

from negligence in maintenance and lack of use. *See* Plaintiff's Motion for Interlocutory Sale, Exh. A (ECF 21-3). Sportfishing did not dispute this appraisal. Therefore, I find that the first factor has been satisfied. *See, e.g.*, *Merchants Nat'l Bank of Mobile v. Dredge General G.L. Gillespie*, 663 F.2d 1338, 1342 (5th Cir. 1981) (finding interlocutory sale appropriate where "hulls of all vessels and most of the superstructures were subject to rusting and had not been properly painted").

Second, in the year that the Vessel has been under arrest, Sportfishing has made no attempt to post a bond and secure the release of the Vessel. Nor has it indicated any intent to do so in the near future. Therefore, I find that the second factor has also been satisfied. *See, e.g.*, *Silver Star*, 19 F.3d at 1014 (finding interlocutory sale appropriate after 7-month delay in securing release of vessel after arrest and excessive maintenance costs); *Ferrous Fin. Serv. Co. v. O/S Arctic Producer*, 567 F. Supp. 400, 401 (W.D. Wash. 1983) (finding unreasonable a failure to secure release of vessel during four months after arrest, and in light of excessive maintenance costs); *see also John W. Stone Oil Distrib., L.L.C. v. M/V Lucy*, No. 09-4440, 2009 WL 4166605, at *1 (E.D. La. Nov. 20, 2009) (finding four months' delay unreasonable and collecting cases).

In its Opposition, Sportfishing requests that a ruling on the Renewed Motion be deferred, pending the Bankruptcy Court's resolution of Sportfishing's recently-filed motion for reconsideration of the order lifting the stay on the Vessel. *See* Opp. ¶ 1 & Exh. A (ECF 40-1). It argues: "[S]hould Steele Sportfishing succeed on its Motion for Reconsideration in the Bankruptcy case, the instant dispute would become moot," and because "the Vessel is a vital aspect of the reorganization efforts of Steele Sportfishing[,] . . . to allow the sale to proceed would cause irreparable harm and damage to Steele Sportfishing." Opp. ¶¶ 4-5.

Granting a motion for reconsideration is an "'extraordinary remedy,'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted), and I see no basis to conclude that the Bankruptcy Court will do so here.[2] Indeed, in lifting the stay as to the Vessel, the Bankruptcy Court found that the Vessel "is not necessary to an effective reorganization," 11 U.S.C. § 362(d)(2), and forecasted "the impossibility of a plan [of reorganization] ever being confirmed in the Steele Sportfishing case . . . no matter what happens short of a miracle." Transcript of Hearing at 62, *In re Steele Sportfishing Servs. Corp.*, No. 13-10186-RAG (Bankr. D. Md. June 3, 2013) (appended as Exh. 2 to plaintiff's Reply). Further, I am wary of continuing to leave the Vessel dormant pending resolution of Sportfishing's motion at a date unknown, given that a year has already passed since the Vessel's arrest.

Sportfishing also claims that "BB&T is adequately protected at this time; indeed, it has in excess of at least 30% in collateral related to the single note at issue and has received an adequate protection payment." Opp. ¶ 5. However, it has offered no evidence to support this assertion. Additionally, Sportfishing asserts that, at an unspecified date, it "and/or related entities/persons intend to file a fraudulent transfer and fraudulent conveyance action against BB&T which, if successful, will void the loan documents at issue and place BB&T in the position of an unsecured creditor, again, making this instant proceeding moot." *Id.* ¶ 6. However, in the time that has elapsed, no such action has been filed. I will not defer the

---

[2] Sportfishing opposed BB&T's initial motion for interlocutory sale on the ground that it had filed a motion for in banc review of the State court default judgment underlying this action. As I noted in rejecting that argument: "Sportfishing has not articulated any reason to suggest that a resolution in its favor is imminent, or even likely, in the State court proceeding." ECF 31 at 9. We now know that motion was denied by the State court. *See* Reply Exh. 1 (ECF 41-1) (order denying motion for in banc review).

interlocutory sale based on a hypothetical motion, when Sportfishing has had almost a year since the arrest of the Vessel to initiate such an action.

In any event, "the interlocutory sale of a vessel is not a deprivation of property but rather a necessary substitution of the proceeds of the sale." *Pee Dee State Bank v. F/V Wild Turkey*, Civ. No. 2:91-809-18, 1991 WL 355221, at *5 (D.S.C. Oct. 9, 1991). Notably, Sportfishing does not claim that the Vessel is irreplaceable or holds particular sentimental value. If Sportfishing ultimately were to prevail, it could be made whole financially because BB&T could be required to remit the net proceeds of sale to it. Therefore, I see no reason to delay further the interlocutory sale of the Vessel in this case.

In view of the foregoing, the Renewed Motion will be granted. An Order consistent with this Memorandum follows.


Date: July 11, 2013  /s/

Ellen L. Hollander
United States District Judge