U.S. MARSHAL
BALTIMORE, MD

2013 DEC -6 AM 9: 37

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

____FILED ____ENTERED
____LODGED ____RECEIVED

DEC - 5 2013
AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| BRANCH BANKING & TRUST COMPANY,<br><br>*Plaintiff,*<br><br>v.<br><br>FISHING VESSEL TOPLESSS, her engines, tackle, appurtenances, etc., Official No. 1083070<br><br>*Defendant.* | Civil Action No. ELH-12-2364 |

## MEMORANDUM OPINION

Branch Banking & Trust Company ("BB&T"), plaintiff, filed an *in rem* admiralty action for foreclosure of a preferred ship mortgage ("Mortgage"), pursuant to the federal Ship Mortgage Act, codified as amended at 46 U.S.C. §§ 31301 *et seq.* The factual background of this case is set forth in my Memorandum Opinion of November 29, 2012 (ECF 31) and my Memorandum Opinion of July 11, 2013 (ECF 43), both of which are incorporated here by reference.

In short, Steele Sportfishing Services Corp. ("Sportfishing") defaulted on a mortgage secured by the Fishing Vessel TOPLESSS, Official No. 1083070, her engines, tabkle, appurtenances, etc. (the "Vessel"). The outstanding debt secured by the Mortgage is $4,461,928.67, excluding pre-judgment and post-judgment interest.[1] Pursuant to this Court's Order (ECF 44), the Vessel was sold at auction for $740,000 by the U.S. Marshal on July 30,

---

[1] According to plaintiff, on January 6, 2012, the Circuit Court for Baltimore County entered judgment by confession in favor of BB&T and against, *inter alia*, Sportfishing, jointly and severally, in the amount of $4,461,923.67, plus pre-judgment interest at the rate of $588.19 per day from January 3, 2012, until the entry of judgment, plus post-judgment interest at the rate of 10% per annum, and costs.

2013. Following a hearing on August 27, 2013, this Court confirmed the sale by Order docketed on August 28, 2013. *See* ECF 64.

Currently pending before the Court is a Motion for Summary Judgment ("Motion," ECF 66) filed on September 30, 2013, by BB&T as the mortgagee of the Vessel. BB&T seeks an award of the proceeds of the court-ordered sale of the Vessel. No opposition has been filed, and the time to do so has expired. No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I will grant the Motion.

## Standard of Review

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. It provides, in part: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis in original).

Of import here, a court may not grant summary judgment solely because the nonmoving party fails to file a response. Rather, the court must examine the facts presented, draw all inferences in favor of the nonmoving party, and then determine whether "the movant is entitled

to [summary judgment]." Fed. R. Civ. P. 56(e)(3); *see also* Advisory Committee Note on 2010 Amendment to subdivision (e) of Rule 56 ("[S]ummary judgment cannot be granted by default even if there is a complete failure to respond to the motion . . . .").

If "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," there is a dispute of material fact that precludes summary judgment. *Anderson*, 477 U.S. at 248. As noted, in resolving a summary judgment motion, the court must view all of the facts, including reasonable inferences to be drawn from them, in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co.*, 475 U.S. at 587; *see also FDIC v. Cashion*, 720 F.3d 169, 173 (4th Cir. 2013); *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The "judge's function" in reviewing a motion for summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. However, "[i]t is the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993), and citing *Celotex Corp.*, 477 U.S. at 323–24)), *cert. denied*, 541 U.S. 1042 (2004).

## Discussion

The Ship Mortgage Act, 46 U.S.C. § 31326(b)(1), provides that "when a vessel is sold by order of a district court in a civil action to enforce a preferred mortgage lien," the mortgage lien attaches to the proceeds of the sale, and "has priority over all claims against the vessel." Thus,

the mortgagee/lienholder is entitled to the proceeds of a default sale, up to the amount of the debt. *See JP Morgan Chase Bank, N.A. v. M/Y Fortuna*, Civ. No. 11-2514, 2013 WL 1148920 (E.D.N.Y. Feb. 12, 2013) *report and recommendation adopted*, Civ. No. 11-2514, 2013 WL 1195420 (E.D.N.Y. Mar. 20, 2013).

It is undisputed that Sportfishing defaulted on the Mortgage and that the Vessel was sold at auction based on BB&T's right to foreclose on the Vessel. Pursuant to the Ship Mortgage Act, BB&T is entitled to the proceeds of the sale in satisfaction of the Mortgage. The debt secured by the Mortgage substantially exceeds the proceeds from the sale of the Vessel. Accordingly, BB&T is entitled to all of the proceeds from the sale of the Vessel.

An Order consistent with this Memorandum follows, granting summary judgment to BB&T.

Date: December 5, 2013

/s/
Ellen Lipton Hollander
United States District Judge